SENTINEL FINANCIAL SERVICES, LUCILLE M. HAINES, TRUSTEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sentinel Fin. Servs. v. Commissioner
Docket No. 18250-85
United States Tax Court
T.C. Memo 1992-733; 1992 Tax Ct. Memo LEXIS 783; 64 T.C.M. (CCH) 1622; December 30, 1992, Filed *783 Decision will be entered for respondent. For Petitioner: Kenneth D. Sisco. For Respondent: Elizabeth S. Carlson. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $ 3,112 and $ 31,368 in petitioner's Federal income taxes for 1979 and 1980, respectively. The deficiencies resulted from disallowance of certain travel and entertainment expenses claimed by petitioner for each year and a bad debt deduction claimed by petitioner for 1980. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Lucille M. Haines and Charles S. Haines (Haines) were trustees of Sentinel Financial Services (petitioner), a trust, during the taxable years 1979 and 1980. The Charles S. Haines trust was the beneficiary of the petitioner trust during 1979 and 1980. At the time the petition was filed, petitioner was doing business in Santa Ana, California. On behalf of petitioner, Haines engaged in financial *784 transactions with and transferred funds to the U.S. Eagle partnership. Haines was general partner of U.S. Eagle. Petitioner's checks that were signed by Haines and made payable to U.S. Eagle were also endorsed by Haines. U.S. Eagle never made any promissory notes payable to petitioner. The purpose of U.S. Eagle was to develop a computerized fuel flow system that could accurately measure the flow of fuel to the engine of a vehicle or a boat. Avicon Development Corporation (Avicon) was a company in the business of developing computerized instruments for aircraft and commercial marine applications. U.S. Eagle contracted with Avicon to develop an inexpensive metering system. Wayne Pratt (Pratt), an engineer, was president of Avicon in 1979 and 1980. Initially in its relationship with petitioner, Avicon only developed products and made prototypes, but it later became involved in marketing. Avicon had contacts with a company known as Technobrain. Technobrain was associated with a small company in Iceland that developed a taxi computer. Haines and Pratt believed that this contact provided a good opportunity to market the U.S. Eagle product to certain taxi fleets. U.S. Eagle attempted *785 to deal directly with Technobrain but that relationship failed. Haines therefore decided to deal only through Avicon, awarding Avicon an exclusive license and selling its inventory to Avicon. At one point, Technobrain owed Avicon over $ 100,000. Technobrain defaulted on its payments. Avicon thereafter settled with Technobrain. After other problems with the Iceland arrangements developed, Avicon filed for bankruptcy in 1981. Petitioner filed Forms 1041, U.S. Fiduciary Income Tax Returns, for 1979 and 1980. Schedules C were attached to each return, showing the main business activity of petitioner as financial services. Travel and entertainment expenses were claimed on Schedules C in the amount of $ 8,372 for 1979 and $ 16,836 for 1980. A bad debt expense of $ 54,650 was claimed on the Schedule C for 1980. Examination of petitioner's Forms 1041 began in 1981. In support of the travel and entertainment expenses claimed on the 1979 return, petitioner presented three canceled checks payable as follows: Cooper Automotive
$   413
Cash
300
Charles Haines
7,364
Petitioner provided verification of claimed 1980 travel and entertainment expenses totaling $ 12,923. The *786 examining agent determined that $ 3,912 was not allowable for 1980. The disallowed items included the cost of trips taken in January 1980 from London to Paris to Nice and Nice to Paris to Bavaria and trips in February 1980 to Hawaii and Las Vegas as well as other expenses determined by the agent to be not substantiated in accordance with section 274. The agent prepared detailed work sheets scheduling the items claimed, the items allowed, and the items disallowed. In support of the claimed bad debt loss for 1980, petitioner presented to the examining agent the following documents: A listing of the general and limited partners of the U.S. Eagle partnership. A copy of an "Exclusive License Agreement" between U.S. Eagle and Avicon, a Texas corporation, executed on March 24, 1981. A copy of a "Agreement for Purchase of Inventory" between U.S. Eagle and Avicon, executed on March 28, 1981. A copy of a letter dated October 21, 1981, from U.S. Eagle/Charles S. Haines to the president of Avicon declaring Avicon in default of the above agreement. A copy of a "Proof of Claim" in the amount of $ 150,784 signed by Charles S. Haines on behalf of Sentinel on January 1, 1982, filed in the *787 Avicon bankruptcy proceeding.
On March 15, 1985, a statutory notice of deficiency was sent to petitioner, disallowing travel and entertainment expenses of $ 8,372 for 1979 and $ 3,912 for 1980 and the bad debt deduction of $ 54,650 for 1980. The petition herein was mailed by certified mail to the Tax Court, postmarked June 12, 1985, and filed June 17, 1985, and placed the disallowed items in dispute. Respondent did not file a timely answer to the petition. According to a Motion for Leave to File Answer Out of Time, filed February 6, 1986: 3. Respondent is informed and believes thereon that soon after the petition was served, the Office of Chief Counsel mailed the case to Laguna Niguel District Counsel for the purpose of answering the petition. 4. Laguna Niguel District Counsel did not receive a copy of the petition in the above-captioned case, nor approximately 77 additional petitions served on Chief Counsel on June 18, 1985, June 19, 1985 or June 20, 1985. 5. Respondent is informed and believes that the petition for the above-captioned case, as well as the other petitions which were never received, were lost in the mail. 6. Laguna Niguel District Counsel first became *788 aware of the existence of the above-captioned case and its responsibility for answering the petition in early December 1985.
Leave to file the late answer was granted. Sometime prior to April 7, 1986, and apparently because of the "lost" petition, the Internal Revenue Service (IRS) assessed the deficiency for 1980. On April 7, 1986, the IRS sent to petitioner a form reflecting an adjustment to petitioner's account in the amount of the deficiency plus interest previously charged, showing a balance due of "None". Sometime after receiving the notice of adjustment from the IRS, petitioner destroyed its records relating to 1979 and 1980. From December 1986 through September 1991, this case was not placed on a trial calendar because it was erroneously classified as part of a tax shelter project. OPINION The procedural history set forth in our findings of fact is included because petitioner contends that, "Upon receiving * * * [the notice of adjustment to petitioner's account from the IRS,] Haines saw no need to be as careful in maintaining Sentinel's record as he otherwise would have." Fortunately, respondent's records contain the information presented by petitioner to respondent's *789 examining agent in 1981. Petitioner bears the burden of proving that it is entitled to the deductions claimed on its tax returns. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. As a general rule, destruction of records, for whatever reason, does not relieve petitioner of its burden. See Malinowski v. Commissioner, 71 T.C. 1120, 1124-1125 (1979). A. Travel and Entertainment
To prove entitlement to deductions for travel and entertainment expenses, petitioner must meet the specific substantiation requirements of section 274. Petitioner asserts that, for 1979, the Court should estimate the expenses under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Section 274, however, precludes such an estimate with respect to travel and entertainment expenses. See, e.g., Meridian Wood Products Co. v. United States, 725 F.2d 1183, 1188-1190 (9th Cir. 1984); Lewis v. Commissioner, 560 F.2d 973, 977 (9th Cir. 1977), *790 revg. on another issue T.C. Memo. 1974-59. Even if section 274 were not applicable, there is insufficient evidence here to support an estimate. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Haines testified at trial about the three canceled checks that were presented to the examining agent in 1981 as proof of travel and entertainment expenses for 1979. His testimony did not provide any substantiation of actual expenses reflected in the three checks. He claimed that he had also presented to the agent an envelope of receipts, but he made no attempt to reconstruct the expenses reflected in those receipts. Petitioner's evidence is inadequate to establish any appropriate deduction for 1979. Haines testified that he traveled with Pratt to Nice, France, in January 1980 for the purpose of meeting with an international attorney to discuss setting up manufacturing facilities in Europe. Pratt, however, testified to making a trip for that purpose to Monaco in 1981. Although petitioner's reply brief now claims that Pratt was *791 misled by the question posed to him during trial, the contradiction was noted in the record by respondent's counsel at the conclusion of Pratt's testimony. No attempt to correct any error was made. Haines testified generally that he traveled to Hawaii in February 1980 to meet with potential investors, that he traveled to Las Vegas in February 1980 for a trade show for a broadcasters' convention, and that petitioner never deducted personal items as business expenses. With respect to 1980, Haines' testimony was insufficient to establish a specific business purpose for the items in dispute, particularly insofar as it was uncorroborated. See sec. 1.274-5(c)(3), Income Tax Regs.His general assertions of business purpose are insufficient. See Meridian Wood Products Co. v. United States, supra; Davis v. Commissioner, 674 F.2d 553 (6th Cir. 1982), affg. T.C. Memo. 1980-581; Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979). Substantiation, under section 274(d), includes an indication of the date, time, place, amount, and business purpose of the expense as well *792 as the business relationship of those entertained by the taxpayer. Meridian Wood Products Co. v. United States, supra at 1188. Petitioner did not meet this requirement. No deductions for travel and entertainment expenses beyond those previously allowed by respondent have been adequately substantiated. B. Bad Debt
Section 166 provides that a taxpayer may deduct any bad debt that became worthless within the taxable year. The taxpayer, however, must show that the debt was created or acquired and that it became worthless during that year. See, e.g., Finney v. Commissioner, 253 F.2d 639, 642 (9th Cir. 1958), affg. on this issue T.C. Memo. 1956-247; Proesel v. Commissioner, 77 T.C. 992, 1006-1008 (1981) (analogous situation). With respect to the claimed bad debt expense, petitioner presented no specific evidence about specific loans to U.S. Eagle or to Avicon that became worthless in 1980. Haines admitted that no formal loan documents were prepared. In any event, the only documents presented suggested that, as of 1981, there was still a viable and *793 ongoing business relationship between U.S. Eagle and Avicon. Overall, the evidence was insufficient to establish either a bona fide debt or that such debt became worthless in 1980. Respondent's determination must be sustained. For the foregoing reasons, Decision will be entered for respondent.